# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| GINA MARIA MCFARLANE,<br><br>    Plaintiff,<br><br>v.<br><br>NEXEO STAFFING, LLC et al.,<br><br>    Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:10cv222 DAK |

This matter is before the court on Defendants Nexeo Staffing, Kelly Wilkinson, Lance Correa, Thomas Hoisington, Jeff Gray, and Brandon Cahoon's (collectively, "Defendants") Motion to Dismiss. A hearing on the motion was held on January 6, 2011. At the hearing, Defendants were represented by Mark D. Tolman. Plaintiff Gina Maria McFarlane was represented by W. Earl Webster. Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties. Since taking the motion under advisement, the court has further considered the law and facts relating to the motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) requires the court to decide whether the

factual allegations made in the complaint, if true, would entitle the plaintiff to some sort of legal remedy. To state a viable claim "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). Or, in other words, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id*. Additionally, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for [his] claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The "requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

When deciding a motion to dismiss the court must accept all well-plead facts as true and draw reasonable inferences from those facts in favor of the non-moving party. *Ridge at Red Hawk, L.L.C.*, 493 F.3d at 1177. However, legal conclusions, deductions, and opinions couched as facts are not presumed to be true, and the court must disregard

2

conclusory allegations without supporting factual averments. *See, e.g., Erikson v. Pawnee County Bd. of County Comm.*, 263 F.3d 1151, 1154-55 (10th Cir. 2001).

## INTRODUCTION

This case arises from the Defendants' alleged sexual harassment of Plaintiff Gina Maria McFarlane ("McFarlane") and the subsequent alleged retaliation against her after she formally complained about it. The Defendants are Kelly Wilkinson, Lance Correa, Thomas "Cory" Hoisington, Jeff Gray, and Brandon Cahoon, (collectively the "Coworker Defendants"), who are all employed in the office of Defendant Nexeo Staffing, LLC ("Nexeo"). Nexeo is a human resources company that provides temporary workers to its client corporations. McFarlane worked there as an account manager, from December 1, 2008 through February 2, 2009. Wilkinson was her supervisor, and the other Coworker Defendants were her coworkers.

As a result of the alleged sexual harassment and retaliation, McFarlane filed this lawsuit, alleging eight causes of action: (1) Sex Discrimination/Hostile Work Environment; (2) Sex Discrimination/Retaliation for Reporting Harassment; (3) Employer Liability/Respondeat Superior; (4) Negligence; (5) Breach of Implied-in-Fact Contract; (6) Breach of Implied Covenant of Good Faith and Fair Dealing; (7) Intentional Infliction of Emotional Distress; (8) Negligent Employment and Supervision.

In the instant motion, Defendant Nexeo seeks dismissal of the Third, Fourth,

Fifth, Sixth, and Eighth Causes of Action, and the Employee Defendants seeks dismissal of the Seventh Cause of Action–Intentional Infliction of Emotional Distress–the only claim asserted against them in the Complaint.[1]  As a result, Plaintiff's Title VII claims are not at issue in this motion.

## DISCUSSION

The Utah Anti-Discrimination Act ("UADA") preempts a common law cause of action when the "statutory scheme supplies an indispensable element" of that common law cause of action.  *Retherford v. AT&T Commc'ns*, 844 P.2d 949, 963 (Utah 1992).  In the instant case, the court finds that alleged discriminatory practices are at the heart of several of Plaintiff's common law causes of action:  Breach of Implied-in-Fact Contract; Breach of Implied Covenant of Good Faith and Fair Dealings; and Negligent Employment and Supervision.  Because the UADA provides the exclusive remedy for such claims, these common law causes of action must be dismissed with prejudice.

Moreover, even if Plaintiff's claims were not preempted by the UADA, additional grounds exist for the dismissal of these claims.  Plaintiff's implied contract claims fail for the additional reason that the Employee Handbook, upon which Plaintiff asserts contractual liability, expressly disclaims any notion of a contract.  *See Johnson v. Morton Thiokol, Inc.*, 818 P.2d 997, 1003 (Utah 1991).

---

[1] Plaintiff conceded in her response to the motion to dismiss that her Third and Fourth Causes of Action (Employer Liability/Respondeat Superior and Negligence) should be dismissed. *See* Docket No. 16 at p. 4.   Those causes of action will not be discussed.

In addition, Plaintiff's tort claims against Nexeo must be dismissed on the additional ground that the exclusive remedy provision of the Utah Worker's Compensation Act "stands as a total bar" to these claims. *Metcalf v. Metropolitan Life, Inc.*, 961 F. Supp. 1536, 1545 46 (D. Utah 1997); *Lantz v. National Semiconductor Corp.*, 775 P.2d 937, 938 (Utah 1989); *Gunderson v. May Department Stores Co.*, 955 P.2d 346, 352 (Utah Ct. App. 1998). Utah courts have consistently held that the Worker's Compensation Act prohibits civil remedies for emotional distress damages and for claims of negligent supervision and employment. *Mounteer v. Utah Power & Light Co.*, 823 P.2d 1055, 1058 (Utah 1991).

Furthermore, even with respect to the allegedly intentional acts of its employees, the Worker's Compensation Act precludes Plaintiff's civil remedies against Nexeo because Plaintiff has not pleaded that Nexeo "directed or intended" the allegedly injurious acts of her coworkers.[2] *See*, *e.g.*, *Mounteer*, 823 P.2d at 1058. Moreover, when a company policy expressly prohibits the alleged intentional employee conduct, Utah courts have held that the injurious acts "could not have been directed or intended" by the employer. *Id*. at 1059.

Consequently, Plaintiff's claim for intentional infliction of emotional distress as to Nexeo and her claim for negligent supervision and employment fail as a matter of law and

---

[2] It appears to Defendants and to the court that the intentional infliction of emotional distress claim was asserted against the individual defendants–and not against Nexeo. To the extent the claim was asserted against Nexeo, the court dismisses the claim.

5

must be dismissed with prejudice.

As for the intentional infliction of emotion distress claim against the individual defendants, the court will permit that claim to remain at this juncture.[3] Under Utah law, for a claim for intentional infliction of emotional distress to be successful, a plaintiff must show that (i) the defendant's conduct was outrageous and intolerable in that it offended the generally accepted standards of decency and morality; (ii) the defendant intended to cause, or acted in reckless disregard of the likelihood of causing, emotional distress; (iii) the plaintiff suffered severe emotional distress; and (iv) the defendant's conduct proximately caused the plaintiff's emotional distress. *Retherford*, 844 P.2d at 970-71.

Accepting Plaintiff's allegations as true, the court finds that the Coworker Defendants' behavior could be found to rise to the level of outrageous and intolerable conduct. As alleged, the court also finds that the Coworker Defendants either intended to cause, or acted in reckless disregard of the likelihood of causing, emotional distress. While the behaviors might not have been directed at Plaintiff, they appear to have been intentionally made in her immediate presence. *See Hatch v Davis*, 2004 UT App 378, 102 P.3d 774. Plaintiff has also alleged that she suffered severe emotional distress and that

---

[3] The court recognizes that not all of the Coworker Defendants are alleged to have contributed to the claimed emotional distress in equal amounts. There are very few allegations against Defendants Kelly Wilkinson, Brandon Cahoon, and Lance Correa. Because discovery has not yet been conducted, however, court declines to dismiss any of the Coworker Defendants at this juncture. Defendants may renew their argument on this claim in a motion for summary judgment, and the individuals named above will be dismissed if there is no additional evidence pertaining to their behavior.

defendants' conduct proximately caused that emotional distress. Accordingly, Plaintiff has sufficiently alleged a cause of action for intentional infliction of emotional distress.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is GRANTED in part and DENIED in part. The following Causes of Action are hereby DISMISSED with prejudice:

- Third Cause of Action: Employer Liability/Respondeat Superior;

- Fourth Cause of Action: Negligence;

- Fifth Cause of Action: Breach of Implied-in-Fact Contract;

- Sixth Cause of Action: Breach of Implied Covenant of Good Faith and Fair Dealing;

- Seventh Cause of Action: Intentional Infliction of Emotion Distress, to the extent it was alleged against Defendant Nexeo; and

- Eighth Cause of Action: Negligent Employment and Supervision.

Plaintiff's Causes of Action under Title VII (the First and Second Causes of Action) and her Cause of Action for Intentional Infliction of Emotion Distress against the Coworker Defendants remain.

DATED this 29th day of March, 2011.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge